UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DEBORAH A. AYCOCK AND RONALD R. AYCOCK** | : | CIVIL ACTION NO. 15-01675 |
| VS. | : | JUDGE S. MAURICE HICKS |
| POSADOS CAFÉ, INC. | : | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM RULING**

Before the undersigned magistrate judge, on reference from the District Court, is a partial motion for summary judgment [doc. # 28] filed by Plaintiffs Deborah A. Aycock and Ronald R. Aycock. Defendant Posados Café, Inc. does not oppose the motion. Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to have this motion referred to Magistrate Judge Karen L. Hayes for final decision.[1] [doc. #34]. For reasons assigned below, the motion is GRANTED.

**Background**

On March 17, 2015, Deborah A. Aycock and Ronald R. Aycock filed the instant complaint against Posados Café, Inc. ("Posados"), alleging that Defendant negligently failed to keep its restaurant floor free from water. [doc. #1]. On December 27, 2014, Mrs. Aycock slipped and fell while at Defendant's restaurant, breaking her arm and striking her head on the floor. *Id.* Plaintiffs claim that Defendant is responsible for past, present, and future medical expenses, mental and physical pain and suffering, lost wages, and other damages. *Id.*

On September 8, 2016, Plaintiffs filed an unopposed motion for partial summary

---

[1] "Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1).

judgment on two issues: (1) that Deborah A. Aycock's burst fracture at L1 was not caused by her fall at Posados; and (2) the surgery performed by Dr. Jessica Wilden in September 2015 was not made necessary by Deborah A. Aycock's fall at Posados.

### Law and Analysis

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted).

In support of their motion, Plaintiffs attached excerpts of deposition testimony from Mrs. Aycock's treating physician. (doc. #28, Exh. A]. As to the first issue, Dr. Jessica Wilden testified that, in her opinion, Deborah Aycock's burst fracture at L1 was not caused by her fall at Posados in December 2014. Dep. Dr. Jessica Wilden, p. 13:17-24. As to the second issue, Dr. Wilden testified that, based on the evidence, the surgery she performed on Deborah Aycock in September 2015 was not made necessary by the fall at Posados in December 2014. *Id.* at p. 14:10-15.

Dr. Wilden's testimony provides uncontroverted evidence to support Plaintiffs' motion. As Defendant does not oppose this motion, the Court finds that there is no genuine, factual dispute regarding these issues.

### Conclusion

The Court finds that there is no genuine dispute as to any material fact, and Plaintiffs are

entitled to partial summary judgment as a matter of law. FED.R.CIV.P. 56(a).

IT IS SO ORDERED.

In Chambers, at Monroe, Louisiana, this 23rd day of September, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE